John J.B. JONES, Plaintiff,

v.

BASKIN FLAHERTY ELLIOTT
& MANNINO, P.C., et al.,
Defendants.

No. 90–191.

United States District Court,
W.D. Pennsylvania.

April 9, 1992.

John J.B. Jones, Pittsburgh, Pa., for plaintiff.

Frederick P. Santanelli, Philadelphia, Pa., John R. Keating, Richard F. Rinaldo, Alan Cech, Pittsburgh, Pa., Edward F. Mannino, Philadelphia, Pa., for defendants.

## MEMORANDUM OPINION

LEWIS, District Judge.

Plaintiff John J.B. Jones was an attorney with the defendant law firm Baskin Flaherty Elliott & Mannino, P.C. ("Baskin Flaherty") in 1989, when he withdrew from its employee profit sharing plan and its defined benefit pension plan. Plaintiff claims that he has not received the money due to him upon his withdrawal from the plans. Therefore, acting *pro se*, he filed this lawsuit against the law firm, the plans, the custodian of the plans' trust funds, and three trustees of the plans.

Since then, the case has progressed through a procedural morass.[1] To make a long story short, remaining before the court are Counts VI and VII of the plain-

---

1. On September 5, 1990, plaintiff filed an amended civil complaint in which he voluntarily dismissed Counts I, II and III. *See* plaintiff's brief in opposition to defendants' motions to dismiss, ¶ 8. On January 2, 1991, upon joint motion of the plaintiff and the defendants involved, the court dismissed plaintiff's claims against the three plan trustees pursuant to Fed. R.Civ.P. 41(a)(2). On January 23, 1991, again upon joint motion, the court stayed the case against Baskin Flaherty's defined benefit pension plan. On July 11, 1991, the court approved plaintiff's motion to amend his complaint by eliminating his claims against the profit sharing plan, the custodian of the trust funds and the three trustees. At that time, the court also permitted plaintiff to add two counts against three members of the board of directors of Baskin Flaherty. On October 8, 1991, the Bankruptcy Court for the Western District of Pennsylvania "transferred" Counts IV and V to the United States Bankruptcy Court for the Eastern District of Pennsylvania.

It is the two counts added on July 11, 1991, against individual directors of the firm with which the court is concerned.

tiff's second amended complaint, asserted against three members of the board of directors of Baskin Flaherty. Those three defendants have filed motions to dismiss these claims. Counts VI and VII will be dismissed.

## I. ERISA Preempts Count VI

■ At Count VI, plaintiff alleges a claim pursuant to the Pennsylvania Wage Payment and Collection Law, 43 Pa.S.A. §§ 260.1 *et seq.* (the "WPCL"). He seeks the employee benefits which remain unpaid, liquidated damages, attorneys' fees and costs. Plaintiff himself has averred that the defined benefit pension plan is governed by the provisions of the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001 *et seq.* ("ERISA"), however.

The United States Court of Appeals for the Third Circuit has expressly ruled that claims exactly like plaintiff's are preempted by ERISA. *McMahon v. McDowell*, 794 F.2d 100 (3d Cir.1986). *See also Bricklayers and Allied Craftsmen Int'l Union Local 33 Benefit Funds v. America's Marble Source, Inc.*, 950 F.2d 114, 119 (3d Cir. 1991). Count VI will be dismissed.

## II. Plaintiff's Claim for Willful Interference with Shareholder Rights

■ At Count VII, plaintiff alleges that the three individual defendants improperly terminated his employment in 1989 because the corporate resolutions terminating his employment with and his shareholder status in Baskin Flaherty were invalid. By using improper procedures to effect the termination, plaintiff claims that the three individual directors willfully and wrongfully deprived him of salary, life insurance coverage, medical benefits and the payments Baskin Flaherty would have had to make into Social Security on his behalf.

Count VII is not preempted because it does not "relate to" the ERISA plans at issue. *Cf. Mackey v. Lanier Collection Agency & Service, Inc.*, 486 U.S. 825, 108 S.Ct. 2182, 100 L.Ed.2d 836 (1988); *Fort Halifax Packing Co., Inc. v. Coyne*, 482 U.S. 1, 11, 16, 19, 107 S.Ct. 2211, 2217, 2219–20, 2221–22, 96 L.Ed.2d 1 (1987); *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 100 n. 21, 103 S.Ct. 2890, 2901 n. 21, 77 L.Ed.2d 490 (1983); *Sommers Drug Stores Co. Employer Profit Sharing Trust v. Corrigan Enterprises, Inc.*, 793 F.2d 1456, 1465–68 (5th Cir.1986) (citing cases).

Therefore, Count VII alleges a state law tort claim. Both plaintiff and the individual defendants are residents of Pennsylvania. The court is without independent jurisdiction to address Count VII because of lack of either a federal question or diversity of citizenship. It will decline to exercise pendent jurisdiction over that count after all federal claims have vanished. *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). *See Carnegie–Mellon University v. Cohill*, 484 U.S. 343, 350 n. 7, 108 S.Ct. 614, 619 n. 7, 98 L.Ed.2d 720 (1988). Indeed, plaintiff has not suggested that this court do so. *See* videotape of status conference held on October 28, 1991.

An appropriate order will follow.

## ORDER

AND NOW, this 9th day of April, 1992, upon consideration of the motions to dismiss filed by defendants John M. Elliott, Edward F. Mannino and James J. Flaherty, and upon further consideration of plaintiff's responses thereto,

IT IS HEREBY ORDERED that said motions are GRANTED.